| DISTRICT COURT, COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Oct 19 2012 10:04AM MDT<br>Filing ID: 47153564<br>Review Clerk: Kari S Elizalde |
|---|---|
| Plaintiff: JOSHUA CAMPUZANO<br>v.<br>Defendants: STANDARD INSURANCE COMPANY OF WISCONSIN | Case Number: 12CV5979<br>Courtroom 376 |
| **OMNIBUS PRE-TRIAL ORDER** ||

Questions regarding this Order should be raised **before** trial. Plaintiff shall serve copies of this Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 10 days of the date hereof. In the event of any conflict between this Order and C.R.C.P. 16, C.R.C.P. 16.1 or 121, this Order shall take precedence. Failure to comply with this Order will be your problem.

1. **CASE MANAGEMENT ORDER**

   The provisions of C.R.C.P. 16 concerning a Presumptive Case Management Order will apply. If all parties have not participated in the preparation of a Proposed Case Management Order, this shall be noted in the **title** of the Proposed Case Management Order.

2. **TRIAL SETTINGS**

   a. A specific setting date or trial date must be designated in the CMO, as set forth in C.R.C.P. 16.

   b. Cases must be set for trial no later than 28 days after they are at issue.

   c. **No case** will be set beyond one year after the case is filed without the Court's permission. Pursuant to Chief Justice Directive 08-08, 90% of all cases shall be concluded within 1 year of filing. No case will be set for more than 5 days without the Court's permission.

   d. Trial settings take place on Tuesdays, Wednesdays and Thursdays between 10:00 a.m. and noon **only**.

1



3. **DISCOVERY**

   <u>Treating</u> expert's opinions that go beyond the four corners of his/her records or reasonable inferences therefrom **must be fully and fairly disclosed**. Failure to disclose or insufficient/untimely disclosure of any document, exhibit or opinion is undertaken **at your own risk**. Similarly, delaying discovery until the eve of deadlines and/or trial is undertaken **at your own risk**. <u>Do not</u> procrastinate.

4. **MOTIONS**

   a. **DO NOT, UNDER ANY CIRCUMSTANCES, COMBINE PLEADINGS. IF YOU DO, YOUR PLEADING MAY BE STRICKEN *SUA SPONTE*.**

   b. Motions for Summary Judgment, any Motions relating to discovery or Motions that could be dispositive <u>must</u> be filed at least 91 days before trial. Responses must be filed 21 days after the Motion is filed unless an extension is granted. Replies are strongly disfavored as they are usually of no value. Extensions that go to the eve of trial will not be allowed.

   c. Other pretrial Motions, including Motions *in limine*, must be filed at least 28 days before trial. A Response shall be filed no later than **21**days after the Motion is filed. Replies are unnecessary. No extensions allowed.

5. **TRIAL MANAGEMENT ORDER**

   Plaintiff's counsel shall prepare and submit a signed Joint Trial Management Order (TMO) 28 days before trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). The Court requires a TMO for ALL cases. A Pre-Trial Conference may be scheduled as necessary.

6. **JURY INSTRUCTIONS**

   The first party represented by counsel to demand a jury trial (unless demand is withdrawn) shall meet and confer with the opposition regarding jury instructions. If applicable, combine the following instructions into one instruction: 3:7 and 3:8; 3:9 and 3:10; 3:4, 3:11, and 3:14; 3:15 and 3:16; 5:1 and 5:5. **The Parties are encouraged to combine other**

instructions as well. The Parties shall file **one** set of **stipulated** instructions.

**Disputed instructions** shall be compiled as follows: Plaintiff's disputed instruction #1 and, as applicable, Defendant's version of the disputed instruction #1 directly behind it (each labeled accordingly). Plaintiff's #2 then, if applicable, Defendant's version of #2, etc. If the other party does not offer a version of a disputed instruction – no problem, just explain the objection and continue to follow this **Judge friendly format**.

All instructions **must** be provided to the Court on a either a flash drive or a CD in editable format (*i.e.*, Mircosoft Word). The flash drive or CD shall have the instructions as directed above.

In addition, no later than **five** days prior to trial, Plaintiff shall deliver directly **to the Courtroom,** a hard copy of the **stipulated** set of instructions (without annotations) and one set of the **disputed** instructions with annotations.

7. **JUROR NOTEBOOKS**

The Court provides a 1", 3-ring binder for the jurors' use. These contain introductory information. Counsel shall provide the following case-specific information for the notebooks: 1) per C.J.I. 2:1, a succinct statement of the case; 2) an Order of Proof; 3) the names of all attorneys who appear; 4) any stipulations; and, 5) a glossary of technical or unusual terms.

Jurors have repeatedly said that overstuffed and cumbersome exhibit notebooks are not helpful. If Counsel provides exhibit notebooks, they must be easily managed. **Original** exhibits are available to the jury. Any admitted exhibit may, in the Court's discretion, be added to an exhibit notebook.

Counsel shall include **all** parties' stipulated exhibits in **one** notebook. Exhibits are due **five (5) days before trial.**

8. **EXHIBITS**

Prepare an **Index of Exhibits** noting those exhibits which are stipulated. Counsel shall stipulate to exhibits where appropriate. No one appreciates delays while an obviously authentic exhibit is authenticated.

All Exhibits shall be marked numerically. **Do not, under any circumstances, duplicate any exhibits among the parties.**

**All multi-page exhibits shall be paginated.**

A work copy of exhibits shall be provided to the Court.

The Court no longer maintains exhibits. At the conclusion of any proceeding, counsel shall retain custody of their respective exhibits and depositions, whether or not received into evidence, until such time as all need, appellate or otherwise, for them has terminated. **Violation of this provision will be subject to sanctions including contempt pursuant to C.R.C.P. 107.**

9. **SCHEDULING/WITNESSES/EXAMINATION**

   Trial starts at 9:00 a.m. and ends at 5:00 p.m. The Court takes one break in the morning and afternoon. Lunch is from noon until 1:30 p.m.

   Redirect and re-cross examination may be limited or disallowed. The Court and the great majority of jurors find these examinations to be repetitive and ineffective.

10. **VOIR DIRE**

    The Court asks background and sensitive case related questions. Counsel is limited to 20 minutes. The Court will outline its procedures for cause and peremptory challenges at trial.

11. **DEPOSITIONS.**

    Provide designations of deposition testimony to opposing counsel not later than 28 days before trial. Objections to any deposition testimony must be made not later than 14 days before trial and must cite page, line and the specific evidentiary grounds therefore. Provide the Court with a transcript highlighting the disputed testimony.

12. **AUDIO-VISUAL TECHNOLOGY**

    The Court **does not** provide audio-visual equipment. Contact the Division Clerk **five (5) days prior** to trial regarding the use of such equipment.

4

13. **COURT REPORTERS**

The Court utilizes a digital recording system. The Court **strongly** encourages the Parties to hire a private court reporter. Though infrequent, there have been problems with the digital system.

14. **TRIAL BRIEFS**

Trial Briefs, if any, shall be filed **five (5)** days before trial and shall **not exceed** five (5) pages in length.

15. **TRIALS TO THE COURT**

Counsel shall submit Proposed Findings of Fact and Conclusions of Law three days before trial.

16. **MISCELLANEOUS**

DO NOT CHEW GUM in Court.

**SO ORDERED,**

This 19th day of October 2012.

BY THE COURT:

*[signature]*

Herbert L. Stern, III
District Court Judge

Cc: Counsel via e-filing

5